UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CHRISTIAN CHASE, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO.: 3:23-CV-919-JVB-JEM |
| ) | |
| JANSSEN PHARMACEUTICALS, ) | |
|     Defendant. ) | |

## OPINION AND ORDER

Christian Chase, a prisoner without a lawyer, filed a complaint against Janssen Pharmaceuticals, asserting a state-law claim of products liability based on alleged side effects from a medication he took between 1998 and 2006. (ECF 1). He did not allege a basis for subject matter jurisdiction to allow this state-law claim to be heard in federal court, so he was given the opportunity to file an amended complaint. (ECF 2). He was told that diversity jurisdiction requires the plaintiff to be a citizen of a different state than the defendant and the amount in controversy to exceed $75,000. *See* 28 U.S.C. § 1332. His original complaint did not allege either party's citizenship or allege the amount of damages he was seeking. Without this information, this Court cannot hear a case based only on a state-law claim. *See Page v. Democratic Nat'l Comm.*, 2 F.4th 630 (7th Cir. 2021).

Chase filed an amended complaint. (ECF 6). In the amended complaint, he asks for $4,500,000 in damages for pain and suffering. *Id.* at 4. But he provides no new information about the parties' citizenship as instructed. Without this information, Chase has not established a plausible basis for this court to exercise subject matter jurisdiction over this case. This case must be dismissed. *See Miller v. Sw. Airlines Co.*, 926 F.3d 898, 902 (7th Cir. 2019) ("Subject-matter jurisdiction is the first issue in any case[.]").

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). However, "courts have broad discretion to deny leave to amend where . . . the amendment would be futile." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). There is no indication that, if given another chance, Chase would be able to satisfy the requirements of diversity jurisdiction.

For these reasons, this case is **DISMISSED without prejudice** for a lack of subject matter jurisdiction.

SO ORDERED on April 9, 2024.

                                            s/ Joseph S. Van Bokkelen
                                            JOSEPH S. VAN BOKKELEN, JUDGE
                                            UNITED STATES DISTRICT COURT